UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:05-CR-170 JCM (LRL) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| FRED ROBISON, | |
| Defendant(s). | |

Presently before the court is *pro se* defendant Fred Robison's ("defendant") motion for a sentence reduction under Amendment 782 of 18 U.S.C. § 3582(c).  (Doc. # 159).

On March 2, 2015, defendant filed his *pro se* motion for a sentence reduction.  (Doc. # 159).  On March 9, 2015, pursuant to the District of Nevada's protocol for discretionary sentence reductions, the court entered an order appointing the federal public defender as counsel to represent the defendant.  (Doc. # 160).

In its order, the court directed probation to prepare a supplemental presentence report addressing whether, in the probation office's assessment, the defendant is statutorily eligible for a sentence reduction under Amendment 782.  The court further ordered the federal public defender to file any appropriate motion or stipulation within 120 days.  (Doc. # 160).

Under the District of Nevada's protocol for discretionary sentence reductions, if counsel for the defendant determines that the defendant is not eligible for a sentence reduction, counsel shall communicate that determination to the defendant and move to withdraw as counsel.

On June 12, 2015, the federal public defender filed its motion to withdraw as attorney in this case.  Counsel states that it has reviewed the defendant's file, including all relevant court documents.  Based on this review, counsel represents that it will not file any motion for a sentence

**James C. Mahan**
**U.S. District Judge**

1 reduction on the defendant's behalf. Accordingly, the federal public defender now seeks to
2 withdraw as counsel. (Doc. # 161).

3 The District of Nevada's protocol for discretionary sentence reductions provides that if
4 defense counsel files a motion to withdraw, the court will review probation's supplemental PSR
5 and determine whether a response from the United States attorney's office to defendant's *pro se*
6 motion is necessary, or whether it can rule on the motion without requiring a government response.
7 If the court determines that a response from the USAO is warranted, it shall order one.

8 In the present case, the court finds that a response from the USAO is unnecessary to rule
9 on the motion. Probation has provided the court with a reduction of sentence report for this
10 defendant. Probation recommends that the court find defendant ineligible for a sentence reduction
11 pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782, and U.S.S.G. § 1B1.10.

12 Probation notes that at defendant's sentencing hearing, the court varied downward from
13 the applicable guideline range to the statutory mandatory minimum sentence of 120 months.
14 Accordingly, the court imposed a sentence below the originally calculated guideline range.
15 Specifically, probation calculated defendant's guideline sentencing range to be 121 to 151 months,
16 and the court sentenced defendant to 120 months.

17 Pursuant to 18 U.S.C. § 3582, the court may reduce a term of imprisonment where a
18 defendant has been sentenced based on a sentencing range subsequently lowered by the United
19 States Sentencing Commission after considering the factors set forth in 18 U.S.C. § 3553(a). 18
20 U.S.C. § 3582(c)(2). Reductions in a term of imprisonment based on an amended guideline range
21 are governed by the policy statement set forth at U.S.S.G. § 1B1.10.

22 Pursuant to U.S.S.G. § 1B1.10(b)(2), the court generally may not reduce a defendant's term
23 of imprisonment to a period less than the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A).
24 The sole exception to this rule involves cases in which the defendant originally received a below-
25 guideline sentence pursuant to a government motion for substantial assistance. U.S.S.G. §
26 1B1.10(b)(2)(B).

27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

1  Based on the foregoing, the court finds that the defendant is not entitled to a discretionary sentence reduction in this case. Defendant's existing sentence reflects the statutory mandatory minimum for his offense.

Defendant's motion will therefore be denied. Additionally, pursuant to the protocol, the court will grant the federal public defender's motion to withdraw as counsel.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* defendant Fred Robison's motion for a sentence reduction, (doc. # 159), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the federal public defender's motion to withdraw as counsel, (doc. # 161), be, and the same hereby is, GRANTED.

DATED July 16, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -